# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Dwayne Curtis Deleston, | Case No.: 12cv3006 (RHK/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Scott P. Fisher, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed with prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases in The United States District Courts.[1]

## I.  BACKGROUND

Petitioner, an inmate at the Federal Correctional Institution in Sandstone, Minnesota, is serving a 240-month prison sentence by the United States District Court for the District of South Carolina.  *See United States v. Deleston*, No. 2:99-cr-751-DCN-6 (D.S.C.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); *Mickelson v. United States*, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; *Bostic v. Carlson*, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); *Rothstein v. Pavlick*, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

1

Petitioner's current habeas corpus petition presents a single ground for relief, which, repeated verbatim and in its entirety, is as follows:

> Petitioner's computation was certified correct by the Designation and Sentencing Computation Center on 11-18-10 pursuant to a sentencing for a crack cocaine conviction that is not entered on the sentencing court's docket within the meaning of Fed. R. Crim. P. 55; Fed. R. App. P. 4(b)(6) to be used against him and projected 9-9-16 is his release date because the expiration of the term of imprisonment was calculated in reference to 240 months total term of imprisonment which began 2-21-01 when he was committed in the Bureau of Prisons. See attachments.

(Petition, [Docket No. 1], p. 3, § (9), "Ground One.")

Several documents are attached to the petition, including (i) a document apparently generated by the Federal Bureau of Prisons, ("BOP"), entitled "Sentence Monitoring Computation Data As Of 09-15-2006;" (ii) the first two pages of the docket sheet from Petitioner's South Carolina criminal case; and (iii) several BOP administrative remedy forms. None of those documents, however, explain or support the claim in the current petition, and none of those documents provide any reason to believe that Petitioner might be entitled to a writ of habeas corpus.

## II. DISCUSSION

In the past two years, inclusive of the current petition, Petitioner has filed five §2241 petitions. All of Petitioner's prior habeas cases were dismissed summarily, because they were defective. *See Deleston v. Federal Bureau of Prisons*, Civil No. 11-711 (RHK/SER); *Deleston v. Federal Bureau of Prisons*, Civil No. 11-1205 (RHK/SER); *Deleston v. Federal Bureau of Prisons*, Civil No. 12-439 (RHK/SER); *Deleston v. Fisher*, Civil No. 12-730 (RHK/SER).[2]

---

[2] Before being transferred to his current federal prison home in Minnesota, Petitioner filed several other § 2241 habeas corpus petitions in other districts. As far as the Court can tell, all of those other cases also were dismissed. *See Deleston v. Warden*, C/A No. 6:10-2036-DCN-KFM, (D.S.C. Sept. 8, 2010), 2010 WL 3825399 at *1.

Similarly, the current petition presents no actionable claim for relief. Petitioner appears to be claiming that the BOP is forcing him to serve a 240-month sentence, even though there is (allegedly) no judgment imposing such a sentence. Petitioner has offered no evidentiary support for his current habeas corpus claim, however, and his previous federal court case records show that the United States District Court for the District of South Carolina **did** enter a judgment against Petitioner that requires him to serve a 240-month federal prison sentence. In fact, one of the docket sheet pages from Petitioner's South Carolina criminal case, is attached to his current petition, states explicitly that "[t]he defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 240 months." Thus, the Court concludes Petitioner's current habeas corpus petition is without merit.

The Court finds that Petitioner's current habeas corpus petition is not only meritless, but is also frivolous. Petitioner has not offered any conceivable grounds for granting him a writ of habeas corpus, and his own submissions, (as well as his extensive previous federal court records), plainly show that the BOP is executing and enforcing correctly 240-month prison sentence imposed by the United States District Court for the District of South Carolina. This Court recommends this action be dismissed summarily with prejudice, and that Petitioner's pending application to proceed *in forma pauperis*, (Docket No. 2), be denied summarily.

Finally, the Court notes that this is not the first time Petitioner has filed a frivolous § 2241 habeas corpus petition. (*See Deleston v. Fisher*, Civil No. 12-730 (RHK/SER), Report and Recommendation dated March 28, 2012, [Docket No. 4], pp. 4-5.) The Court further notes that Petitioner was previously warned that he could lose his right of unfettered access to the courts if any further frivolous actions were filed in this District. (*See Deleston v. Federal Bureau of Prisons*, Civil No. 12-439 (RHK/SER), Order dated March 1, 2012, [Docket No. 5], p. 2.)

Petitioner's filing of yet another frivolous habeas corpus petitioner flouts that warning.

This Court believes that Petitioner's ability to file further actions in this District be restricted. *Pro se* litigants, including prisoners, do, of course, have a right of access to the courts. That right, however, does not ensure an unrestricted opportunity to file frivolous, malicious or abusive actions. *See In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) ("there is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious'"), (quoting *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir.), *cert. denied*, 450 U.S. 985 (1981)). "Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." *Tyler*, 839 F.2d at 1292. Such "excessive litigation" imposes "unnecessary burdens on, and the useless consumption of, court resources." *Id*. A federal court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *Id*. at 1292, 1293.

Given Petitioner's recent record of commencing frivolous habeas corpus cases, it is now necessary and appropriate to protect the District Court and its staff from any further frivolous submissions from Petitioner. The Court will therefore recommend that an order should be entered which will prohibit the Clerk of Court from filing any new pleading submitted by Petitioner, unless the pleading has been signed by an attorney, or pre-approved for filing by a Judge of the District Court.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

4

1. Petitioner's application to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**;

2. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily **DISMISSED WITH PREJUDICE**; and

3. The Clerk of Court be directed to not file any new pleading submitted by Petitioner, unless the pleading has been signed by an attorney, or pre-approved for filing by a Judge of the District Court.

Dated:   January 4, 2013                                                *s/Steven E. Rau*
                                                                        Steven E. Rau
                                                                        U.S. Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 18, 2013** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.   A party may respond to the objecting party's brief within ten days after service thereof.   A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.